15 So.2d 313

STATE v. AUCOIN.

No. 36975.

Oct. 13, 1943.

Joseph F. Blasi, Jr., John E. Dullenty, J. Michael Early, Frederick J. Gisevius, Jr., and John Blasi, all of New Orleans, for appellant.

Sidney L. Herold, of Shreveport, and J. Gilbert St. Julien, of La Fayette, for appellee.

PER CURIAM.

This case was orally argued and submitted for decision on May 25, 1943. Because of the difficult legal and factual questions involved, the Court, on July 29, 1943, adjourned to reconvene on the first Monday of October, 1943, without being able to render a decision. On September 20, 1943, the State of Louisiana, plaintiff and appellee, filed a motion asking that the case be reassigned for oral argument. In support of its motion, plaintiff and appellee invokes the provisions of section 1912 of the Revised Statutes, Dart's Louisiana Statutes, Vol. 1, sec. 1417, which reads as follows:

"Whenever the Supreme Court of this State shall, for any cause, fail to render a decision in any case pending before that court at the term during which such case was argued, it shall be lawful for either party in such case to have said case fixed for reargument, orally, or by brief at the next succeeding term of said court; Provided The motion for such reargument be filed with the clerk on or before the first day of such succeeding term."

Section 1912 of the Revised Statutes is a reproduction and reenactment of Act 122 of 1861. At the time the act of 1861 was adopted, the Constitution of 1852, Act 254 of 1855, and Act 98 of 1856 were in effect.

Article 68 of the Constitution of 1852 reads: "The supreme court shall hold its sessions in New Orleans from the first Monday of the month of November to the end of the month of June inclusive. The legislature shall have power to fix the sessions elsewhere during the rest of the

year; until otherwise provided, the sessions shall be held as heretofore."

Act 254 of 1855, which is an act "relative to the Supreme Court, and to regulate the terms thereof," provides for the holding of sessions of the Supreme Court outside New Orleans, as well as in New Orleans. Section 1 of the statute provides: "That the Supreme Court shall hold its sessions in New Orleans from the first Monday of November to the end of June, inclusive; at Opelousas, commencing on the first Tuesday of September; at Alexandria, on the third Tuesday of September; and at Monroe, on the first Monday of October."

Act 254 of 1855 was amended by Act 98 of 1856 to read: "That the Supreme Court shall hold its sessions in New Orleans, as provided by the Constitution, (section 68 of the Constitution of 1852) from the first Monday in November to the end of the month of June inclusive, and at Monroe commencing on the second Monday of July; at Alexandria on the first Monday of August, and at Opelousas on the third Monday of August of each year."

The two statutes above mentioned were superseded by Act 82 of 1866, which was adopted "to organize the Supreme Court, and to fix the terms thereof." Section 3 of this act is a reproduction and reenactment of Act 98 of 1856.

The corresponding articles in succeeding constitutions to Article 68 of the Constitution of 1852 are: Constitution of 1864, Article 72; Constitution of 1868, Article 76; and Constitution of 1879, Article 84.

Act 69 of 1894 abolished sessions of the Supreme Court elsewhere than in New Or-

leans, and provided for the transfer of pending appeals to that City.

Article 88 of the Constitution of 1898, unlike the articles in previous constitutions, provided that the Supreme Court should hold its sessions only in the City of New Orleans.

Article 88 of the Constitution of 1898 reads in part: "The Supreme Court shall hold an annual session in the City of New Orleans, beginning not later than the first Monday in the month of November, and ending not sooner than June 30th, in each year. * * *"

Act 149 of 1906 was enacted to establish the sessions of the Supreme Court in accordance with the provisions of Article 88 of the Constitution. The act reads: "That the Supreme Court shall hold an annual session in the City of New Orleans, beginning on the first Monday in the month of October and ending not sooner than the thirtieth day of June following, in each year. And this session shall be extended beyond the latter date, when the public business before the Court requires such extension."

Corresponding sections to Article 88 of the Constitution of 1898 in succeeding constitutions are: Constitution of 1913, Article 88; and Constitution of 1921, section 14 of Article 7. This latter section reads as follows: "The Supreme Court shall hold an annual session in the City of New Orleans, beginning not later than the first Monday in the month of October and ending not sooner that the thirtieth of June in each year."

Rule 6 of the Rules of this Court, adopted in accordance with the constitutional article, provides for the holding of an annual session by the Court in the City of New Orleans from the first Monday in October to the end of June (should be "not sooner than the thirtieth of June in each year"). This is the law prescribing the terms of the Supreme Court at the present time.

Section 1894 of the Revised Statutes is a reproduction and reenactment of Section 3, Act 82 of 1866, except for the substitution of the month of May for the month of June; providing that "The Supreme Court shall hold its sessions in New Orleans, from the first Monday of November until the close of the month of June—at Monroe, commencing on the second Monday of July, at Natchitoches, on the second Monday of August; and at Opelousas, on the first Monday of September of each year."

At the time Act 122 of 1861, which was reproduced and reenacted as Section 1912 of the Revised Statutes, was adopted, it was the custom of the Supreme Court, as required by law, to hold sessions at various cities in the State, to-wit: New Orleans, Monroe, Natchitoches, Alexandria and Opelousas. We have referred to and quoted from the constitutional provisions and statutes embodying that requirement.

From the foregoing history of the legislation governing the sessions of the Supreme Court it will appear that at the time Act 122 of 1861 was adopted the Court held at least four sessions during each year in different cities of the State, including New Orleans, as prescribed by law. The same procedure obtained at the time

the Revised Statutes was adopted and was maintained in Section 1894 of that compilation. It is clear therefore that the terms of court referred to in Act 122 of 1861 were the terms of court prescribed by existing laws.

The Revised Statutes is a statute of the State composed of 3,990 sections. It was adopted at the session of the Legislature begun and held in the City of New Orleans on January 3, 1870, and is designated as Act 96 of 1870. Its pertinent provisions must be construed together. When that is done with regard to Sections 1894 and 1912, it is apparent that the terms of court referred to in Section 1912 are the terms of court prescribed by Section 1894. The former section was in effect amended by Act 45 of the Extra Session of 1870 (Dart's Louisiana Statutes, Vol. 1, sec. 1412), which, according to its title, is an act "Relative to the Supreme Court, and to regulate the terms thereof, the proceedings therein, appeals thereto, and processes against the sureties on appeal bonds."

Section 10 of Act 45 of the Extra Session of 1870 reads as follows: "That the Supreme Court shall have full power to establish and enforce such rules (not inconsistent with law) as may be necessary to secure the regular and expeditious disposition of its business, and the preparation of proper and correct transcripts of appeal. To prevent the accumulation of cases on the docket, the Supreme Court may, during the latter portion of the annual sessions at New Orleans, hear and take under advisement (in addition to cases it can decide from week to week) such number of cases

as the judges of the court may be able to examine during the vacation, and render opinions therein at the opening of the following session, and may require such cases to be submitted on briefs."

Section 15 repeals 'all laws or parts of laws contrary to or in conflict with its provisions. It will be seen by reference to Section 10 of Act 45 of the Extra Session of 1870, which we have quoted above, that the Supreme Court is authorized during the latter portion of the annual sessions at New Orleans to hear and take under advisement, in addition to cases it can decide from week to week, such number of cases as the judges of the Court may be able to examine during the vacation, and render opinions therein at the opening of the following session. That provision of the statute is manifestly contrary to and in conflict with Section 1912 of the Revised Statutes so far as the Section refers to cases heard and taken under advisement at the annual sessions of court held in the City of New Orleans.

After the adoption of Act 45 of the Extra Session of 1870, the provisions of Section 1912 of the Revised Statutes were left in effect only so far as the sessions of the Supreme Court were held outside New Orleans. But, by Act 69 of 1894, the Legislature abolished the terms of the Supreme Court held elsewhere than in the City of New Orleans. Section 1 of the act provided: "That the Supreme Court shall hold its sessions in the City of New Orleans from the first Monday in the month of November to the end of the month of June in each and every year." Section 4 repealed all conflicting and inconsistent laws.

Act 69 of 1894 was followed by the adoption of the Constitution of 1898, Article 88 of which provides that the Supreme Court should hold its sessions only in the City of New Orleans. Act 149 of 1906 was enacted to establish the sessions of the Supreme Court in accordance with the provisions of Article 88 of the Constitution of 1898. That constitutional article provides that the Supreme Court shall hold an annual session in the City of New Orleans beginning on the first Monday in the month of November and ending not sooner than the thirtieth day of June following in each year. Article 88 of the Constitution of 1913 is couched in the same language as article 88 of the Constitution of 1898. Section 14 of Article 7 of the present constitution, which was adopted in 1921, is drawn in the same words as Act 149 of 1906. So that, under the existing constitutional and legislative provisions, the Supreme Court is directed to hold its sessions only in the City of New Orleans, which sessions must be held annually beginning not later than the first Monday in October and ending not sooner than the thirtieth of June in each year. As the law now stands, Section 1912 of the Revised Statutes has become inoperative and ineffective since no sessions of the court are held outside the City of New Orleans. And according to Section 10 of Act 45 of the Extra Session of 1870, the Supreme Court may "during the latter portion of the annual sessions at New Orleans, hear and take under advisement * * * such number of cases as the judges of the court may be able to examine during the vacation, and render opinions

therein at the opening of the following session, * * *."

It is not necessary to make a special assignment or to issue a special order setting forth that a case is to be fixed, heard and taken under advisement pursuant to the provisions of Section 10 of Act 45 of the Extra Session of 1870. That result necessarily follows from the wording of the statutory provision itself. Section 10 of Act 45 of the Extra Session of 1870 is embodied in a general and comprehensive statute enacted to regulate the proceedings in the Supreme Court. Section 10, as are the other sections of the act, is general in its scope. The section applies indiscriminately to all cases fixed and argued in the Supreme Court which the Justices thereof may find it necessary to take under advisement and examine during the vacation period, rendering opinions therein at the following session.

Our conclusion is that the plaintiff and appellee is not entitled, as a matter of right, to have this case reassigned for reargument under Section 1912 of the Revised Statutes, since that Section has become inoperative and ineffective as we have hereinabove pointed out. Therefore, the motion based on that ground must be denied.

However, since the case is one of great public importance directly involving the State's title to a lake bottom of considerable area from which the State is receiving and will continue to receive oil and gas royalties of great value, and indirectly affecting the title to all the State's lands of like character and similarly situated, we have concluded, exercising the dis-

cretion vested in the Court in such matters, to grant the motion to reassign the case for further oral argument.

For the reasons assigned, this case is reassigned and fixed for oral argument on the 13th day of December, 1943.

O'NIELL, C. J., concurs in the order fixing the case for reargument, but is of the opinion that section 1912 of the Revised Statutes is yet in effect.